The opinion of the Court was delivered by
Mukro, J.
It is very manifest, that upon neither of the defendant’s grounds can his motion for a non-suit prevail; for - by a familiar principle of pleading, if a plaintiff fails to exhibit in his declaration a complete cause of action, or there be a material defect apparent upon its face, such objection furnishes no ground for a non-suit, but the defect, whatever it may be, can only be taken advantage of, either by demurrer, or by motion in arrest of judgment.
This at once disposes of the question of non-suit, and brings us to the consideration of the remaining question, the motion in arrest of judgment.
To sustain his motion, the defendant relies, in his grounds of appeal, upon the insufficiency of the declaration in two particulars.
1. The want of an averment therein, that the plaintiff was a white woman.
2. The want of an averment that she was unmarried, or married to a white man.
*46 . In considering tbe questions presented by these several grounds, it is proposed to reverse tbe order in wbieb they are stated, by taking up tbe second ground first, so that tbe first step in tbe prosecution of tbe inquiry, is to look to tbe condition of things as presented by tbe pleadings, and in doing so, we find a declaration in slander, charging tbe defendant with having uttered and published, of and concerning tbe plaintiff, tbe following defamatory words,-to wit: that she was tbe mother of a mulatto child.
Tbe only plea to tbe declaration is tbe general issue.
Now what, it may be asked, has the defendant admitted by this form of pleading? Tbe obvious answer, is this — by a well established rule of pleading, by resting bis defence upon tbe general issue, be has admitted one thing at least; be has admitted tbe plaintiff to be sui juris, that is, be has conceded that she is neither an infant, nor a feme covert, but that she is a feme sole, and of full age'. Whether a widow or a maid, or whether white or colored, is immaterial, and therefore, in all respects legally competent to maintain tbe action.
. If this be tbe correct view of tbe case, as it is presented by tbe pleadings, it also disposes of tbe other objection taken in this ground, to wit: tbe plaintiff’s omission to aver, that she was married to a white man.
But conceding, for the argument’s sake, tbe plaintiff to have been a married woman .at tbe time tbe cause of action accrued, it is clear that her husband, whether white or colored, if tbe legality of such an alliance as tbe latter can be recognised in this State, ought to have been joined with her in tbe action, (7 Rich. 343 ;) but it is equally clear, that tbe nonjoinder of tbe husband could -only have been taken advantage of by plea in abatement, and not by plea in bar, and least of all, by evidence under the general issue. “ At least,” says Mr. Cbitty, “ this rule obtains in actions for tort1 Chit. PL 449.
But tbe fallacy in tbe argument that was urged to sustain tbe foregoing positions, will be found to rest upon tbe assump *47 tion, tbat tbe gravamen of tbe slander consisted mainly, if not entirely, in tbe use of tbe term mulatto, wben it is obvious tbat tbe imputation of a want of chastity would bave been just as.complete, altbougb certainly less aggravated, bad that term been entirely omitted.
I now proceed to tbe consideration of tbe objection taken by tbe defendant in bis first ground, as to whether it was necessary for tbe plaintiff to aver in ber declaration, tbat she was a white woman.
It was conceded by tbe appellant’s counsel, in his truly ingenious argument, that if the slanderous words set forth in tbe declaration bad been spoken of an unmarried colored female, she might bave maintained an action against tbe author of the slander.
Now if tbe position which I bave attempted to sustain in considering tbe second ground be correct, namely, tbat under the plea of the general issue tbe defendant has ^conceded the plaintiff to be an unmarried female; it follows irresistibly, tbat it can make no possible difference, so far at least as the plaintiff’s right to maintain tbe action is concerned, whether she be white or colored.
It is true, tbat tbe plaintiff’s color might, and doubtless would bave made, a material difference in tbe estimation of the jury; but this was a matter entirely for the consideration of tbe defendant, for if tbe plaintiff had really been a person of color, it was competent for tbe defendant to have shown it by evidence under the general issue, and if he has neglected to do so, he must take the consequences of his own neglect.
But is it necessary in any case for a party suing in the Courts of this State, to aver his or her status in the declaration?
In 1 Obitt. PI. 226, it is said, “Where the law presíimes a fact, it need not be stated in pleading, and as it is an intendment of law tbat a person is innocent of fraud, or any other imputation affecting bis reputation, tbe party insisting upon *48 tbe contrary must state it in pleading,” &c., &c.; and again, at page 364, “whenever tbe right of the, plaintiff is implied by law, as the absolute right of persons, it is unnecessary to state the same.” In Caldwell v. Langford, 1 M’Mul. 277, it is said, “The general inference is, that a party in Court is white until the contrary appears.” See also The State v. Schroder, 3 Hill, 61.
To call a man a mulatto, has been held, from an early period in the history of our jurisprudence, actionable per se. Eden v. Legare, 1 Bay. 171.
This doctrine has been fully recognised in several subsequent cases, but in neither of them was it considered necessary there should .be an averment in the declaration, that the plaintiff was a white man.
Should the plaintiff’s status in any case form an element in the defence, it is entirely competent for the defendant to render it available by a proper mode of pleading, or by evidence under the general issue. Upon the defendant, however, the burden must rest.
The defendant’s motions are therefore dismissed.
O’Neall, Wardlaw, Withers, Whither and Clover, JJ., concurred.

Motions dismissed.